QUEREAU v. COMPUTING SCALE CO. OF DAYTON, OHIO.

(Supreme Court, Appellate Division, First Department.    February 2, 1912.)

PATENTS (§ 214*)—CONTRACTS RELATING TO—RESCISSION—NOTICE—"BEFORE."
    Where a patent license required a second payment of $5,000 royalty to be made on January 20, 1909, unless defendant had given and the licensor had received notice of cancellation of the contract before that date, a telegram sent by defendant to the licensor on January 20, 1909, at 12:32 p. m., was neither sent nor received "before" the date specified, and was therefore no defense to an action for the second payment.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 321–327; Dec. Dig. § 214.*
    For other definitions, see Words and Phrases, vol. 1, pp. 735–737.]

Action by Louis L. Quereau against the Computing Scale Company of Dayton, Ohio.    On motion for a new trial on exceptions ordered to be heard at the Appellate Division in the first instance.    Denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Taft & Sherman (Theodore M. Taft, of counsel), for plaintiff.
Elon S. Hobbs (Thomas A. Mullen, of counsel, and Ward D. Williams, on the brief), for defendant.

CLARKE, J.   The Barnard Company, plaintiff's assignor, owned a patented device to be applied to computing scales.   The defendant is a manufacturer of such scales.   An agreement was entered into, dated July 30, 1907, between the two companies, under which the Barnard Company granted to the defendant an exclusive license to make, use, and sell weighing scales throughout the United States and the territories thereof containing the said patented invention, or any part thereof, for the term of said letters patent, subject to provisions therein contained.   Five thousand dollars was to be, and was, paid on the execution of the agreement, which further provided:

"And the said party of the second part further agrees and guarantees that for the next succeeding year the total royalties for that year shall not be less than five thousand dollars ($5,000); said sum of five thousand dollars to be paid by the party of the second part to the party of the first part on the 20th day of January, 1909."

The second payment of $5,000, due by terms of the agreement on January 20, 1909, not having been paid, the Barnard Company assigned its claim to the plaintiff and this action was brought.   The tenth clause of the agreement provided as follows:

"In case the said patented invention hereinbefore referred to shall, for any reason, prove to be inoperative or defective, the said party of the second part shall have the right to cancel this agreement, provided the said party of the first part fails or neglects to cure said defect within a period of 90 days after receipt of a written notice from said party of the second part setting forth the said defect, and, to the best of its knowledge, the reasons therefor."

The answer set up, inter alia, that subsequently to the making of the said contract, and more than 90 days before the 20th of January, 1909, the defendant found that the alleged invention or device was defective and inoperative in certain particulars set forth, and that the defendant thereupon notified the said Barnard Company in writing of said defect, as provided in paragraph 10 of said contract, and that the said Barnard Company received said notice more than 90 days before the 20th of January, 1909; that the Barnard Company did not and could not cure said defects and make said invention operative and of practical value; that after the expiration of 90 days from date of said notice, and before the 20th of January, 1909, the defendant, in accordance with the provisions of paragraph 10, canceled said contract, and the Barnard Company received notice of such cancellation before the 20th day of January, 1909.

It was in evidence that the following telegram was sent and received:

"Dayton, O., Jan. 20, 1909.   12:32 P. M.

"A. W. Barnard, Prest. of the Barnard Company, 18 Dock Square, Boston, Mass.   Under our privilege in clause ten in agreement we cancel contract between us.   See our letter June 16 last year.

"The Computing Scale Company."

The principal controversy upon the trial was whether the notice provided for under clause 10 had ever been given. The defendant claimed that it was contained in the letter of June 16, 1908, referred to in the telegram quoted. No such letter was produced. The defendant's books and papers had been destroyed by fire, and the writer of the letter had died prior to the trial. The plaintiff admitted the receipt of a letter, dated June 16, 1908, but failed to produce it, claiming that it had been lost. Upon the evidence presented, the learned trial court came to the conclusion that there was not sufficient evidence to establish the notice required by contract, and directed a verdict for the plaintiff for $5,716.15, denied a motion to go to the jury, and denied a motion to set aside the verdict, to all of which rulings exceptions were duly taken, and directed the exceptions to be heard at the Appellate Division in the first instance.

Upon a careful examination of the testimony we are satisfied that if the sole question were whether the letter dated June 16, 1908, admittedly sent and received, constituted the notice provided for under section 10 of the contract, a question of fact would have been presented requiring submission to the jury. But the contract provides for the payment of $5,000 on the 20th day of January, 1909. Unless the contract had been terminated prior to that date, said amount on that date was due and payable. This is so evident that the defendant in its answer avers that after the expiration of 90 days from the date of said notice, which it claims was contained in the letter of June 16, 1908, and *before* the 20th day of January, 1909, it canceled said contract, and the Barnard Company received notice of such cancellation *before* said date.

The sole claim of cancellation is by the telegram which was sent at 12:32 p. m., on January 20, 1909, and, of course, was neither sent nor received before the day on which the amount due was payable. Whatever effect it may have on the subsequent life of the contract, it is evident, we think, that it can have no retroactive effect. It follows, therefore, that on the 20th day of January, 1909, the $5,000 was due, and, not having been paid, the direction of a verdict for the plaintiff was right.

The exceptions of the defendant should be overruled, the motion for a new trial denied, and judgment directed to be entered upon the verdict, with costs to the plaintiff. All concur.